This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: December 19, 2024**

**No. S-1-SC-40367**

**IN THE MATTER OF**
**ANDREW INDAHL**

**An Attorney Licensed to Practice Before**
**the Courts of the State of New Mexico**

Jane Gagne, Assistant Disciplinary Counsel
New Mexico Disciplinary Board
Albuquerque, NM

for Petitioner

Andrew Indahl
Albuquerque, NM

Respondent Pro Se

**PUBLIC CENSURE**

**PER CURIAM.**

**{1}** This matter came before the Court on the *Decision and Recommendation for Discipline* of the Panel of the Disciplinary Board of the New Mexico Supreme Court. The panel concluded that attorney Andrew Indahl (Respondent) violated Rule 16-403 NMRA and Rule 16-804(C) NMRA of our Rules of Professional Conduct. We accept the panel's decision and approve its recommended discipline, including this public censure, which we issue under Rule 17-206(A)(4) and Rule 17-206(D) NMRA.

**I.      BACKGROUND**

**{2}** This matter arose from Respondent's conduct and participation in the secret recording of a meeting with his clients, Cade and Gary Shaffer, and with Matt Shaffer, an unrepresented person. Cade had retained Respondent to represent him in connection with an employment dispute, claiming that he had been wrongfully terminated from his employment at a family-run business (Business). Gary is Cade's father and, at the time of the meeting, was an officer of the Business along with Gary's

two brothers. Matt is Cade's cousin and was an employee and shareholder of the Business.

**{3}** The meeting occurred at the Business on June 30, 2022. Respondent knew before the meeting that Cade and Gary wore concealed audio recording devices and would secretly record the encounter. Respondent did not introduce himself when he, Cade, and Gary entered the Business. Matt came out of his office, and Cade and Matt argued about whether Cade was still employed at the Business. Cade presented a document to Matt that Gary had executed that morning in his capacity as secretary of the Business. Cade claimed the document was a legally-binding employment contract. Matt responded that Cade had been terminated for drugs, alcohol, and personal problems. Cade asked whether he had been terminated for bipolar disorder, which Matt denied. Matt then added that Cade was terminated for linking his personal accounts to the accounts of the Business.

**{4}** Cade later introduced Respondent as his attorney. Matt asked Respondent what his role was, and Respondent answered, "I'm here to resolve the conflicts to make sure Cade can do his job today because he's been employed." Matt responded, "[Cade] can't do his job, he's not mentally stable enough to do his job." Respondent asked, "Tell me more about that." Matt replied, "Well, we were told by Gary that [Cade] has bipolar; we didn't know, but we knew that there was something not right." After the encounter with Matt, Respondent went outside with Gary and Cade and said, "You have a slam-dunk, can't-lose, bang-up lawsuit."

**{5}** Respondent later filed a Verified Complaint on behalf of Cade and Gary against Matt, the Business, and Gary's brothers. *See Shaffer v. Shaffer Tire, Inc.*, D-1113-CV-2023-00075 (11th Jud. Dist. Feb. 16, 2023). The Verified Complaint alleges in part that Matt unlawfully discriminated against Cade on the grounds of a perceived disability, bipolar disorder, in violation of the New Mexico Human Rights Act. During the disciplinary investigation that followed, Respondent explained that the recording was justified as "evidentially significant to proving wrongdoing that could not have been effectively proven without [the] secret recording"; that "[w]ithout a recording, the jury would have nothing to rely on but testimony"; and that "a jury would be very unlikely to believe this conversation took place because it is so extreme."

**{6}** Disciplinary counsel filed a *Specification of Charges*, which alleged violations of several Rules of Professional Conduct, including Rule 16-402 NMRA (communications with person represented by counsel), Rule 16-403 (communications with unrepresented persons), and Rule 16-804(C) (prohibiting "conduct involving dishonesty, fraud, deceit or misrepresentation"). The hearing committee granted in part Respondent's motion for summary judgment, dismissing the charges under Rules 16-402 and 16-403. After a hearing on the remaining charges, the hearing committee issued its recommended findings of fact and conclusions of law and its recommended sanction, a public censure. The committee concluded that Respondent's "conduct was deceitful and therefore a violation of Rule 16-804(C)."

**{7}**     Both parties requested review from the panel. After briefing, the panel issued its decision and recommendation for discipline. The panel affirmed the committee's dismissal of the charge under Rule 16-402, and concluded on de novo review that Respondent violated Rule 16-403 "because Respondent implied to an unrepresented lay person that his role was to resolve the conflicts and reinstate his client to his former position when Respondent was also seeking evidence to provide an advantage in an adversarial proceeding against the interests of the unrepresented lay person." The panel also concluded that Respondent violated Rule 16-804(C) "by engaging in dishonest conduct in order to obtain evidence." The panel recommended to this Court that Respondent receive a public censure.

**{8}**     Respondent requested review from this Court and challenged the panel's legal conclusions that he violated Rules 16-403 and 16-804(C). *See* Rule 17-316 NMRA. Following briefing by Respondent and oral argument, we issued our order on July 11, 2024, accepting the panel's decision and approving its recommendation of discipline.

## II.     DISCUSSION

### A.     Respondent violated Rules 16-403 and 16-804(C) by misrepresenting his role and purpose to an unrepresented person

**{9}**     We focus initially on Respondent's statement to Matt that "I'm here to resolve the conflicts to make sure Cade can do his job today because he's been employed" and on Respondent's subsequent attempts to elicit statements and admissions from Matt for the purpose of filing a lawsuit against him. The statement was made in response to Matt's question about Respondent's role and implied that Respondent was a third-party neutral rather than Cade's attorney. *See* Rule 16-204(A) NMRA (defining "third-party neutral" as a lawyer who "assists two or more persons who are not clients of the lawyer to reach a resolution of a dispute or other matter that has arisen between them"). In addition, Respondent made no attempt to correct his misleading statement before encouraging Matt, who was unrepresented, to elaborate on his reasons for terminating Cade's employment. Respondent then relied on Matt's statements to file a lawsuit against him on Cade's behalf, alleging unlawful discrimination in violation of the New Mexico Human Rights Act.

**{10}**     Respondent's conduct violated Rule 16-403, which provides in relevant part,

> In communicating on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

Respondent's conduct also violated Rule 16-804(C), which prohibits a lawyer from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation." A lawyer, dealing with an unrepresented person on behalf of a client, may not

misrepresent his purpose as "resolv[ing] the conflicts" when his true objective is to gather evidence on behalf of his client for a lawsuit.

{11}    Respondent asserted at oral argument before this Court that Rule 16-403 is unclear and that he did not know the rule prohibits a conversation to elicit statements from an unrepresented party. He also emphasized that the rule does not explicitly prohibit speaking with an unrepresented party to gain admissions. He argued that absent such a prohibition, he has a duty of zealous advocacy to his clients to gather evidence without "kid gloves."

{12}    Respondent's purported misunderstanding of Rule 16-403 is troubling. While not explicit, the rule readily prohibits the conduct at issue here without constraining zealous advocacy. Put simply, a lawyer may not elicit admissions or gather evidence from an unrepresented person without first dispelling any confusion about the lawyer's role as an advocate for their client. *See* Rule 16-403. A zealous lawyer has other tools for gathering evidence, even from an unrepresented person, as long as the lawyer's role is clearly disclosed. *See, e.g.*, Rule 1-026(A) NMRA ("Parties may obtain discovery by any of the following methods: depositions; interrogatories; . . . and requests for admission."). Respondent's misleading statement about his role and subsequent failure to correct any misunderstanding violated Rules 16-403 and 16-804(C).

## B.    Respondent violated Rule 16-804(C) by participating in the secret recording of a witness

{13}    We now turn to Respondent's participation in the secret recording of the meeting with Matt, which also violated Rule 16-804(C). As the Ethics Advisory Committee has explained, a lawyer's surreptitious recording of a witness violates Rule 16-804(C) when, as here, "the lawyer believes, through expressions from the witness (e.g., an expression by the witness that the interview is "off the record"), that the witness would either refuse to give a recorded statement or would not give an accurate statement if the witness knew that the statement was being recorded." State Bar of N.M. Ethics Advisory Comm., Formal Op. 2005-3, at 1, 3 (2005); *see also* State Bar of N.M. Ethics Advisory Comm., Formal Op. 1996-2, at 3 (1996) ("If the lawyer determines that a secret recording is otherwise justified, the lawyer[] must observe professional obligations, must disclose the secret recording whenever a failure to do so would be untruthful or misleading, and must respond honestly if questioned about the recording of a conversation.").

{14}    Here, Respondent knew that Cade and Gary were secretly recording the meeting with Matt and—without clearly disclosing his role or that the meeting was being recorded—actively solicited "statements" and "admissions" from Matt about the reasons for Cade's termination. Respondent later filed a lawsuit against the Business, intending to introduce Matt's recorded statements as evidence that he had discriminated against Cade in violation of the New Mexico Human Rights Act. Under these circumstances, Respondent's participation in the surreptitious recording of Matt for the purpose of gathering evidence was clearly deceptive, in violation of Rule 16-804(C).

**{15}** Respondent asserted at oral argument that he should not be "punished" for what his clients "lawfully" did and that as a matter of client confidentiality, he could not disclose that his clients were recording the meeting or that his "strategy" was to gather evidence.

**{16}** Respondent misses the point. That New Mexico is a so-called one-party consent state—meaning that the consent of the person making a secret recording makes such a recording legal, *see* NMSA 1978, § 30-12-1(C) (1979)—does not make it *ethical* for a lawyer to engage or participate in a surreptitious recording when it would be deceptive to do so. Respondent's knowing participation in the secret recording with the express purpose of gathering evidence for a lawsuit went well beyond mere advice to a client or advocacy. That participation was deceptive, in violation of Rule 16-804(C).

## III.     CONCLUSION

**{17}** We conclude that Respondent violated Rule 16-403, by communicating on behalf of a client with an unrepresented person and failing to make clear his role; and Rule 16-804(C), by misrepresenting his objective while participating in the secret recording of an unrepresented person for the purpose of collecting evidence for his client.

**{18}** As set forth in our order of July 11, 2024, Respondent shall (1) pay the costs of this disciplinary proceeding; and (2) complete four (4) hours of ethics continuing legal education on the topics of advocacy and professionalism and the advocate-witness rule, in addition to the annual MCLE requirement under Rule 24-102 NMRA, no later than February 1, 2025.

**{19}** The recommendation is ADOPTED and Respondent Andrew Indahl is hereby publicly censured.

**{20}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**